UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUNTRUST MORTGAGE INC.,<br><br>　　　　　Defendant. | No. 13-cv-0890 MCE DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff Willie Walker is proceeding in this action pro se.  The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

　　　　　This matter came before the court on June 28, 2013, for hearing of defendant's motion to dismiss.  John Calvagna, Esq. appeared telephonically for the defendant.  Despite being served with notice of the motion plaintiff did not file written opposition or a statement of non-opposition to the motion to dismiss and did not appear at the hearing of the motion, nor did anyone appear on her behalf.

　　　　　Accordingly, in an order filed July 5, 2013, the undersigned ordered plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution.  (Doc. No. 11 at 2.)  Plaintiff was cautioned that failure to file a written response to that order would result in the undersigned recommending that this matter be dismissed.  (Id.)

1

Nonetheless, the time for plaintiff to respond has expired and plaintiff has not responded to the court's order in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id. Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions. Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to file a timely response to defendant's motion to dismiss and failed to appear at the hearing of the properly noticed motion, in violation of multiple

2

1    provisions of Local Rule 230.  The court issued an order to show cause that provided plaintiff
2    with yet another opportunity to show good cause for her failure to respond to defendant's motion
3    but plaintiff failed to respond in any way.  The order to show cause warned plaintiff that failure to
4    file a written response to the order to show cause would result in a recommendation that this
5    matter be dismissed.
6            Plaintiff's lack of prosecution of this case renders the imposition of monetary
7    sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to
8    manage its docket, and the risk of prejudice to the defendant all support the sanction of dismissal.
9    Only the public policy favoring disposition on the merits counsels against dismissal.  However,
10   plaintiff's failure to prosecute the action in any way makes disposition on the merits an
11   impossibility.  The undersigned will therefore recommend that this action be dismissed due to
12   plaintiff's failure to prosecute as well as her failure to comply with the court's orders.  See FED.
13   R. CIV. P. 41(b).
14           Accordingly, IT IS HEREBY RECOMMENDED that:
15           1. Defendant's May 13, 2013 motion to dismiss (Doc. No 5) be denied as moot;
16           2. Plaintiff's claims be dismissed without prejudice due to lack of prosecution, as
17   evidenced by plaintiff's failure to file opposition or a statement of non-opposition to the motion to
18   dismiss filed on behalf of the defendant, failure to appear at the hearing of the motion to dismiss,
19   and failure to file a response to the order to show cause; and
20           3. This case be closed.
21           These findings and recommendations will be submitted to the United States
22   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
23   fourteen (14) days after being served with these findings and recommendations, any party may
24   file written objections with the court.  A document containing objections should be titled
25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections
26   shall be filed within seven (7) days after service of the objections.  The parties are advised that
27   /////
28   /////

1  failure to file objections within the specified time may, under certain circumstances, waive the
2  right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  July 25, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\walker0890.dlop.f&rs.docx